

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 6, 1950

Hon. Raymond E. Magee
County Attorney
Galveston County
Galveston, Texas

Opinion No. V-1116

Re: Legality of levying
tax for mosquito con-
trol in addition to
the maximum tax lim-
itation in Article
VIII, Section 9, Con-
stitution of Texas,
and related questions.

Dear Sir:

You have requested an opinion on the construc-
tion of Article 4477-2 of Vernon's Civil Statutes. Your
questions read as follows:

"QUESTION 1: The sixty days referred
to in this Act now having past, does this Act
require that the Commissioners' Court call the
election, or shall the same be called by the
County Judge without any action upon the part
of the Commissioners' Court?

"QUESTION 2: Does Section 2 of Article
4477-2 authorize the Commissioners' Court to
levy a tax of five cents on each One Hundred
Dollar tax valuation in the County, assuming,
of course, that the people authorize such levy
by a vote in the establishment of a mosquito
control district, in _addition_ to the constitu-
tional limitation placed upon the Commission-
ers' Court by Article 8, Section 9, of the
Constitution?

"QUESTION 3: Upon what fund should the
levy authorized by this Statute be made?

"QUESTION 4: Will the Commissioners'
Court be obligated to pay the election ex-
penses for the holding of this election?"

Article 4477-2, V.C.S., provides in part:

"Section 1.   In all counties of this State which border on the Gulf of Mexico, the Commissioners Court may call an election within sixty (60) days after the effective date of this Act, and at subsequent elections when called by the County Judge upon his being petitioned by two hundred (200) qualified voters to call such election to determine if the qualified voters of such county desire the establishment of a Mosquito Control District to embrace all the territory within said county, for the purpose of eradicating mosquitoes in said area.   .   .   .

"Sec. 2.   The Commissioners Court in each county governed by the provisions of this Act may call an election within sixty (60) days after the effective date of this Act and at subsequent elections when called by the County Judge upon his being petitioned by two hundred (200) qualified voters to call such election to determine if the qualified property taxpaying voters of said county desire a levy of a tax not to exceed five cents (5¢) on each one hundred dollar tax valuation to finance the program provided in this Act.   .   .   .

"Sec. 3.   The elections provided in Section 1 and Section 2 shall be combined in one election; provided, however, that only qualified property taxpaying voters shall be authorized to vote to create such district and on the question of a tax levy as provided in Section 2."

Under the provisions above quoted, the commissioners' court upon its motion is only authorized to call an election "within sixty (60) days after the effective date of this Act." You are therefore advised in answer to your first question that the sixty-day period having elapsed, the commissioners' court cannot now call an election. An election may now be called only by the county judge "upon his being petitioned by two hundred (200) qualified voters" of the county.

Section 9 of Article VIII of the Constitution of Texas provides:

". . . in no event shall the total of . . .
county taxes exceed eighty (80) cents on the
one hundred dollars valuation, in any one
year; . . ."

In construing Section 9 of Article VIII, it was
held in Anderson v. Parsley, 37 S.W.2d 358, 363 (Tex.Civ.
App. 1931, error ref.):

"The power of the county commission-
ers under the Constitution, art. 8,§ 9, as
amended December 19, 1890, to levy a tax of
25 cents on $100 valuation to construct build-
ings, sewers, and other permanent buildings,
being limited to that levy for all such pur-
poses, a levy can be made for a courthouse
and jail only so far as the limit has not al-
ready been reached for the other purposes.
Stratton v. Commissioners' Court of Kinney
County (Tex.Civ.App.) 137 S.W. 1170."

The construction of this section of the Consti-
tution in the Anderson case has not been disturbed by the
"reallocation amendment" adopted in 1944. In a letter to
Hon. William N. Hensley, Criminal District Attorney, Bexar
County, Texas, dated December 6, 1948, this office stated:

"There is now no statute authorizing
the Commissioners' Court of Bexar County to
create a hospital or health district with
taxing power. Such a district could be au-
thorized by the Legislature by the passage
of a general law but the taxes which such a
district could levy must be part of the 80¢
limit fixed by Article VIII, Section 9, Texas
Constitution. In order to create a hospital
or health district having power to levy taxes
for operation and maintenance in addition to
the maximum rate available under Article VIII,
Section 9 of the Constitution for the General
Fund, a constitutional amendment would be nec-
essary. The Robert B. Green Memorial Hospital
now has available for operation and maintenance
the taxes received from a levy of 20 cents on
the One Hundred Dollar valuation ($100) as au-
thorized by Art. 4437a, V.C.S., plus income de-
rived from pay patients. The Legislature could
amend this law and authorize a larger levy,
but whatever additional levy was authorized

would have to come out of the 80 cent per one
hundred dollar ($100) maximum levy fixed for
counties by Article VIII, Section 9 of the
Constitution.  That section provides that 'in
no event shall the total of . . . county taxes
exceed (80) cents on the one hundred dollars
valuation, in any one year.'"

In view of the foregoing authorities, you are
advised in answer to your second question that the tax
levy authorized by Sections 2 and 4 of Article 4477-2 is
not in addition to the constitutional limitation fixed
by Section 9, Article VIII of the Constitution.

In answer to your third question, it is our
opinion that the cost of operating a Mosquito Control
District created for public health purposes of the coun-
ty must be paid out of the general fund.  Att'y Gen. Op.
V-567 (1948).

In regard to your fourth question, you are ad-
vised that the holding of an election is a county purpose
to be paid for by the county.  Bexar County v. Mann, 138
Tex. 99, 157 S.W.2d 134 (1941).  Therefore, the commis-
sioners' court is obligated to pay the expenses of hold-
ing an election under the provisions of Article 4477-2.

## SUMMARY

After sixty days from the effective
date of Article 4477-2, V.C.S., an election
for the establishment of a Mosquito Control
District can be called only by the county
judge upon being petitioned by two hundred
qualified voters of the county.

The tax levy authorized by Sections 2 and
4 of Article 4477-2 is not in addition to the
limitation fixed by Section 9, Article VIII of
the Constitution.  It must be included within
the levy authorized by the Constitution for
general fund purposes.

The commissioners' court is obligated
to pay the expenses of holding an election
under the provisions of Article 4477-2, V.C.S.,

it being a "county purpose." Bexar County v. Mann, 138 Tex. 99, 157 S.W.2d 134 (1941).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By _John Reeves_
        John Reeves
            Assistant